UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YAKY HOWARD MEJIA SOTO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>REGGIE RADER, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:25-cv-02281-RFB-EJY<br><br>**SCREENING ORDER** |

Petitioner Yaky Howard Mejia Soto, immigration detainee, has filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), which challenges his continued detention at Henderson Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily believes Petitioner can likely demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioners Mena-Vargas and Reyes-Lopez in <u>Escobar Salgado v. Mattos</u>, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).

Thus, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. <u>See</u> 28 U.S.C. § 2243. Respondents shall file, in writing, **a (i) notice of appearance and (ii) "a return certifying the true cause of detention"** on or before **November 25, 2025.** <u>Id.</u> Petitioner may file a traverse on or before **November 29, 2025.**

**IT IS FURTHER ORDERED** that the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court would be amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. They may not, however, incorporate briefing in a manner that would circumvent the page limits under Local Rule

7-3 without leave. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** that Respondents must file with their return any documents referenced or relied upon in their responsive pleading. If Respondents' asserted basis for detention is reflected in any documents in their possession, including, but not limited to, an arrest warrant, notice to appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate and file said documents with their pleading. Respondents are granted leave to file any documents containing sensitive personal identifying information or sensitive law enforcement information with redactions or under seal, in accordance with Local Rule IA 10-5. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** that Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** that the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1, 10-2, and 10-3.

**IT IS FURTHER ORDERED** that the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this

District. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court:

1. **DELIVER** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 2), and this Order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party.

3. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 2), and this Order to the United States Attorney for the District of Nevada at Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, Summer.johnson@usdoj.gov, and caseview.ecf@usdoj.gov. in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

4. **MAIL** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

   1) Reggie Rader, Police Chief of the Henderson Police Department, 223 Lead Street, Henderson, NV 89015.

   2) Jason Knight, Acting Las Vegas Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096.

   3) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

   4) Kristi Noem, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, D.C. 20528.

///

///

///

///

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 2), and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**DATED:** November 21, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**