**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

YAKY HOWARD MEJIA SOTO,

Petitioner,

v.

REGGIE RADER, *et al.*,

Respondents.

Case No. 2:25-cv-02281-RFB-EJY

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EAJA**

Petitioner Yaky Howard Mejia Soto initiated this action in November 2025 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his civil detention by Respondents on statutory and due process grounds (ECF No. 1) (the "Petition"). This Court granted the Petition on December 11, 2025, ordering Petitioner be immediately released if a bond hearing pursuant to 8 U.S.C. §1226(a) was not carried out by December 16, 2025.

The matter now before this Court is Petitioner's Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("EAJA") (ECF No. 12). For the following reasons, the Court grants the motion and awards Petitioner fees and costs under the EAJA in the amount of $3,450.21.

## I. LEGAL STANDARDS

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Medina Tovar v. Zuchowski, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28

U.S.C. § 2412(d)(1)(A)). Specifically, a court must find the following to award fees and expenses: "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002).

"It is the government's burden to show that its position was substantially justified." Medina Tovar, 41 F.4th at 1089. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." Id. Whether the government's position was substantially justified is a matter of discretion for the district court. See id. at 869.

With respect to the reasonableness of fees and costs, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A court may award market rates based on the limited availability of qualified attorneys when the attorneys possess (1) "distinctive knowledge and specialized skill" that was (2) "needful to the litigation in question" and (3) "not available elsewhere at the statutory rate." Nadarajah v. Holder, 569 F.3d 906, 912 (9th Cir. 2009) (citation modified).

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

## II. FINDINGS OF FACT

The Court incorporates by reference its findings of fact as set forth in the Order granting

the Petition. See ECF No. 11 at 4–7. On December 11, 2025, the Court granted the Petition and ordered Petitioner be immediately released if a bond hearing pursuant to section 1226(a) was not carried out by December 16, 2025. See ECF No. 11 at 12. Petitioner now requests the Court award attorney's fees in the amount of $3,450.21. See ECF No. 12 at 3. Counsel for Petitioner spent 13.7 hours on this case and requests fees at the statutory rate adjusted for inflation and cost of living in the amount of $251.84 per hour, totaling $3,450.21. See id. at 5, 13.

Based on the record before it, the Court finds Respondents provided zero legal authority for Petitioner's continued detention in the face of this Court's order to do so. See ECF No. 4 (Order to Show Cause). Respondents plainly failed to file a Return by the show cause deadline set by this Court, then, after hours on the show cause deadline (at 5:43 P.M. PST) of November 25, 2025, Respondents filed an opposed motion for an extension to file a Return, seeking an additional eight days to file. See ECF No. 6. But even then, Respondents still failed to file any opposition by even their own requested deadline. See ECF No. 12 at 6. When over two weeks passed after the Court's show cause deadline, and a full week had passed since Respondents' own requested deadline, this Court, in its discretion, issued a ruling on the merits on this Petition, finding that it could not allow further delay by the government "given the liberty and due process interests at stake" in this case—a finding the Court incorporates by reference herein. Id.

In their opposition to the Motion for Attorney's Fees, Respondents rely on the fact that this Court addressed the routine arguments raised by the government in similar immigration habeas matters in its Order Granting the Writ and assert, for the first time in this matter, their statutory interpretation argument and a defense thereof. See ECF No. 18 at 2–5. In said opposition, Respondents do not address Petitioner's due process arguments, or this Court's due process ruling, whatsoever. See generally id. Respondents concede in their opposition to the Motion for Attorney's Fees that the government did not file any timely merits response in this case. See id. at 2.

Respondents do not contest that Petitioner is the prevailing party in this matter or that the fees and costs requested by Petitioner are not reasonable. See generally ECF No. 18. In doing so, Respondents narrow the disputed issues before the Court to the singular question of whether or not

the government's position in this matter was "substantially justified." Id. at 1.

## III. CONCLUSIONS OF LAW

Parties do not dispute that Petitioner is the prevailing party. 28 U.S.C. § 2412(d). In addition, there is no dispute that the requested fees are reasonable in this case, and the Court in its review confirms the reasonableness of the sought fees under EAJA and Ninth Circuit standards. The only remaining issue is therefore whether the government's position in this matter was "substantially justified."

The Court finds it was not, as no position was ever asserted. After Respondents missed multiple deadlines, this Court was forced to rule without having received any substantive response from the government to the Court's show cause order. The Court cannot, and will not, find that the government's position has a "reasonable basis both in law and fact," where no basis at all was asserted. Based on the foregoing, Respondents have not met their burden to establish that their "position" was substantially justified.

The Court therefore awards Petitioner $3,450.21 in attorney's fees.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Attorney's Fees and Costs under the EAJA is **GRANTED**. Petitioner is awarded fees and costs under the EAJA in the amount of $3,450.21. The Clerk of Court is instructed to enter judgment to include this award in favor of Petitioner.

///

///

///

///

///

///

///

**IT IS FURTHER ORDERED**, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court will **SUBSTITUTE** (i.) Ruben Leyva for Michael Bernacke; (ii.) Markwayne Mullin for Kristi Noem; and (iii.) Todd Blanche for Pamela Bondi as the named Respondents in this action and update the docket accordingly.

**DATED:** September 29, 2026.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**